# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE GONZALES GARCIA,<br><br>    Petitioner,<br><br>vs.<br><br>DARREL ADAMS, Warden,<br><br>    Respondent. | No. C 07-2236 JSW (PR)<br><br>ORDER OF DISMISSAL AND GRANTING MOTION TO PROCEED IN FORMA PAUPERIS<br><br>(Docket No. 3) |

Petitioner, a state prisoner currently incarcerated at California State Prison in Corcoran, California, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2005 Contra Costa County Superior Court conviction for first degree murder as well as certain drug crimes. Petitioner is currently incarcerated serving a 28 years-to-life sentence. The Court concludes that Petitioner's claim is not cognizable under § 2254 and will dismiss the petition. Petitioner's motion to proceed in forma pauperis is GRANTED (docket no. 3).

**DISCUSSION**

A.    <u>Standard of Review</u>

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); <u>Rose v. Hodges</u>, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that

1

1  the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary
2  dismissal is appropriate only where the allegations in the petition are vague or conclusory,
3  palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d
4  490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

5  B.   Petitioner's Claim

6      As grounds for habeas relief, Petitioner alleges that law enforcement officials
7  arrested him without probable cause, violating his rights under the Fourth Amendment to
8  the United States Constitution. ed, or was involved with, such crime to warrant a police
9  hunch and illegally prolong his detention. However, this claim is not cognizable because
10 Stone v. Powell, 428 U.S. 465, 481-82, 494 (1976), bars federal habeas review of Fourth
11 Amendment claims unless the state did not provide an opportunity for full and fair
12 litigation of those claims. Even if the state courts' determination of the Fourth
13 Amendment issues is improper, it will not be remedied in federal habeas corpus actions so
14 long as the petitioner was provided a full and fair opportunity to litigate the issue. Locks
15 v. Sumner, 703 F.2d 403, 408 (9th Cir.), cert. denied, 464 U.S. 933 (1983).

16     All Stone v. Powell requires is the initial opportunity for a fair hearing. Such an
17 opportunity for a fair hearing forecloses this Court's inquiry upon habeas petition into the
18 trial court's subsequent course of action, including whether or not the trial court made any
19 express findings of fact. See Caldwell v. Cupp, 781 F.2d 714, 715 (9th Cir. 1986). The
20 existence of a state procedure allowing an opportunity for full and fair litigation of Fourth
21 Amendment claims, rather than a defendant's actual use of those procedures, bars federal
22 habeas consideration of those claims. See Gordon v. Duran, 895 F.2d 610, 613-14 (9th
23 Cir. 1990) (whether or not defendant litigated Fourth Amendment claim in state court is
24 irrelevant if he had opportunity to do so under California law). California state procedure
25 provides an opportunity for full litigation of any Fourth Amendment claim and, in his
26 petition, Petitioner states that a suppression hearing was conducted in state court. The
27 Court concludes that any amendment would be futile, as Petitioner cannot proceed with
28 his Fourth Amendment claim in a federal habeas action. Accordingly, the instant petition

1  is dismissed because Petitioner's claim is not cognizable under § 2254.

## CONCLUSION

The instant petition is DISMISSED for failure to state a cognizable claim under § 2254. The Clerk shall terminate all pending motions, enter judgment and close the file.

IT IS SO ORDERED.

DATED: October 15, 2007

*Jeffrey S. White*
JEFFREY S. WHITE
United States District Judge

|   |   |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | FOR THE |
| 3 | NORTHERN DISTRICT OF CALIFORNIA |

JORGE GONZALES GARCIA,

    Plaintiff,

v.

DARREL ADAMS et al,

    Defendant.

Case Number: CV07-02236 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 15, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jorge G. Garcia
V70850
P.O. Box 3466
Corcoran, CA 93212

Dated: October 15, 2007

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28